In re LIGHT et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. GENERAL TERM—APPEAL FROM SPECIAL TERM—REVIEW.
   The rule that the general term of the supreme court has jurisdiction to review orders made by the special term, in respect to matters resting in the discretion of the court, applies to an order made by the special term refusing a writ of certiorari to review the action of the state superintendent of public instruction in removing members of a school board from office.

2. APPELLATE DIVISION—REVIEW.
   Where application for a writ of certiorari is made to the special term, and the legal questions involved are considered, and the application denied, an appeal will lie to the appellate division.

3. APPEALABLE ORDER—SUPERINTENDENT OF PUBLIC INSTRUCTION.
   School Law, tit. 14, subd. 7, relating to appeals to the superintendent of public instruction by any person conceiving himself aggrieved by any official act or any decision, and making his decision final and conclusive, and not subject to review in any court, does not apply to an order made by the superintendent removing a member of a board of education, and such an order is reviewable.

Appeal from special term, Albany county.

Appeal by Frederick D. Light and others from an order of the special term (49 N. Y. Supp. 345) denying an application by the appellants for a writ of certiorari to review the action of the state superintendent of public instruction in removing them from office as members of the board of education of the town of Dunkirk, in the county of Chautauqua.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Rogers, Locke & Milburn, for appellants.
Stearns & Warner, for respondents.

MERWIN, J.   The appellants are five of the eight members of the board of education of Dunkirk union free school district, as constituted by chapter 34 of the Laws of 1858, and the acts amendatory thereof.   The district includes within its boundaries the city of Dunkirk.   In August, 1897, Julien T. Williams, who was then president of the board of education, applied, by petition and affidavit, to the superintendent of public instruction for the removal of the appellants from their said office.   The grounds for removal, as stated in the petition, are:

"First. Willful violation and neglect of duty as members of said board of education, as provided by chapter 34 of the Laws of 1858, and chapter 556 of the Laws of 1894, in holding illegal meetings of said board of education, assuming to transact business thereat, and attempting to carry into effect the motions and resolutions of said illegal meeting.   Second. For disregarding and refusing to obey an injunction or restraining order from the superintendent of public instruction."

The petition and affidavit, and notice of intended application to the superintendent, were served on the appellants, and they submitted to the superintendent their answer thereto.   Thereupon, upon the said papers, the superintendent proceeded to determine the matter, and on the 4th day of September, 1897, made a decision or order wherein he decided that the second ground for removal was not well taken, but that the first ground was; and accordingly he found and decided that, upon the facts presented, it had been proved to his satisfaction that each of the five persons complained of had, as members of the board of education of the town of Dunkirk, been guilty of a willful violation of duty, and he ordered their removal.   The meeting referred to in the first ground of removal was held on the evening of June 19, 1897. The regular monthly meeting of the board was held at its office on the 14th June, and then adjourned to the 16th June, and then adjourned to the 19th June, at 7:30 p. m.   At that hour two members of the board (Mr. Williams, the president, and another) were present at the office. They waited seven minutes, and, no other member then being present, they adjourned the meeting.   As they left the building, they found at the entrance the other members of the board, and informed them of the adjournment.   The reply was made, as the appellants claim, that all the members were present, and the adjourned meeting would be held, and, in substance, that the adjournment by the two was irregular. Thereupon the five proceeded to the office, and held, in good faith, as they claim, the meeting complained of.   They claim that the adjournment at 7:37 was contrary to the custom of the board, and was not in good faith, that the president of the board knew at the time that a quorum was on the premises, and that he caused the adjournment to be made for improper purposes.   The hearing at the special term on the motion for the writ was upon notice to the state superintendent and to the complainant, Mr. Williams.   It was claimed by the appellants, in their petition for the writ, that the superintendent had no jurisdiction to remove them, and that no ground was established by the proof before the superintendent authorizing their removal.   The order of the special term does not state the grounds upon which the writ was refused.   From the opinion which was delivered at the special term, and which is referred to in the order as being filed with all the papers

read thereon (Tolman v. Railroad Co., 92 N. Y. 353), it appears that it was held that the superintendent had jurisdiction to make the order of removal, and that his decision therein was final, under the provisions of title 14 of the consolidated school law (chapter 556 of the Laws of 1894), and that, therefore, the application for the writ was denied.    It is urged by the respondents that the special term, in denying the application for a writ, exercised its discretion, and that, therefore, the order is not reviewable.    In Livermore v. Bainbridge, 56 N. Y. 72, it was held that the general term of the supreme court had jurisdiction to review orders made by the special term in respect to matters resting in the discretion of the court, which involve substantial rights.    That rule is applicable to this case.

It is further urged by the respondents that as the appellants had the right, in the first instance (Code, § 2127), to make their application for the writ either to the special term or the appellate division, and elected to apply to the special term, the appellate division should not review its determination.    Applications for the writ are often, if not usually, formal.    Notice may be dispensed with.    Code, § 2128.    And, where notice is given, proofs upon the merits may be presented in opposition. If the special term, as in the present instance, considers the case upon the legal questions involved, and reaches a conclusion adverse to the application, no good reason is apparent why the appellants should be deemed to have waived the right to appeal in manner and form as given to them by the statute.    Code, § 1357.    This case is clearly distinguishable from the case of Boechat v. Brown, 9 App. Div. 369, 41 N. Y. Supp. 467, cited by the counsel for the respondents.    That was the case of an appeal from an inferior court.    The party had the right to appeal either to the special term of the supreme court or to the general term.    He elected to appeal to the special term, and it was held that his right of appeal was exhausted.    In the present case the party is seeking an opportunity to have an appeal through the operation of a writ of certiorari.

Coming to the merits of the application for the writ.    It is apparent that the case is an important one to the appellants.    Their right to an honorable and responsible office is involved, which, as to three of them, did not expire until in or after the year 1900.    The jurisdiction of the superintendent is also challenged, upon the ground that he has no power to remove the members of the board of education of a union free school district created by special act, where no such power is given by the act itself.    It would seem that the case was of sufficient importance to allow the appellants the right of review.    The power of the court on the return to the writ is well defined.    Code, § 2140; People v. Board of Fire Com'rs of New York, 82 N. Y. 360.    But it is said that the decision of the superintendent was made final by the statute, and therefore is not, upon the merits, reviewable by certiorari. This proposition is based entirely on the provision of subdivision 7, § 1, tit. 14, of the consolidated school law.    Title 14 relates to "appeals to the superintendent of public instruction."    Section 1 is as follows:

"Section 1. Any person conceiving himself aggrieved in consequence of any decision made: (1) by any school district meeting; (2) by any school commissioner or school commissioners and other officers, in forming or altering, or re-

fusing to form or alter any school district, or in refusing to apportion any school moneys to any such district or part of a district; (3) by a supervisor in refusing to pay any such moneys to any such district; (4) by the trustees of any district in paying or refusing to pay any teacher, or in refusing to admit any scholar gratuitously into any school; (5) by any trustee of any school library concerning such library, or the books therein, or the use of such books; (6) by any district meeting in relation to the library; (7) by any other official act or decision concerning any other matter under this act, or any other act pertaining to common schools, may appeal to the superintendent of public instruction, who is hereby authorized to examine and decide the same; and his decision shall be final and conclusive, and not subject to question or review in any place or court whatever."

By section 2 of the same title, power is given to the superintendent to regulate the practice upon such appeals, and, by subdivision 4, "to make all orders, by directing the levying of taxes or otherwise, which may, in his judgment, be proper or necessary to give effect to his decision."

The argument seems to be that the application for the removal of the appellants was an appeal, within the authority and scope of subdivision 7 of section 1, and therefore the decision of the superintendent thereon was final. Any person conceiving himself aggrieved by any "official act or decision" was authorized to appeal, and the superintendent was required to examine and decide the same. The subject of the appeal was the "act or decision." The right or power of removal, as exercised in this case, was not given or considered in that title. On the contrary, the subject of removal was specially considered in other portions of the school law. By section 13 of title 1, which relates to the general powers and duties of the state superintendent, it is provided as follows:

"Whenever it shall be proved to his satisfaction that any school commissioner or other school officer has been guilty of any willful violation or neglect of duty under this act, or any other act pertaining to common schools, or willfully disobeying any decision, order or regulation of the superintendent, the superintendent may, by an order under his hand and seal, which order shall be recorded in his office, remove such school commissioner or other school officer from his office."

This section was referred to in the decision of the superintendent, and it may be inferred that, in the exercise of the power therein given, the removal was made. By section 29 of title 8, which relates to union free schools, power is given to the state superintendent to remove any member of a board of education for willful violation of duty. It is, however, claimed that the power under that provision does not extend to cases like the present, under a special act. We are referred to no provision of the law that makes the order of the superintendent final upon applications for removal like the present. Such an application is an original one, and not in the nature of an appeal. It was not provided for by title 14, and was not, we think, affected by the provision as to finality in that title. It follows that the action of the superintendent in removing the appellants was not made final, and in that respect there is no obstacle to the granting of the writ. We think the appellants should have an opportunity to review the order of the superintendent, and that the application for the writ should have been granted. All concur.

Order reversed, with $10 costs and disbursements, and motion for writ granted, with $10 costs.