THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK D. LIGHT et al., Respondents, *v.* CHARLES R. SKINNER, State Superintendent of Public Instruction, Appellant.

SCHOOLS — REMOVAL OF SCHOOL OFFICERS BY STATE SUPERINTENDENT OF PUBLIC INSTRUCTION IS REVIEWABLE BY THE COURTS. The provision of the statute (Consolidated School Law, L. 1894, ch. 556, tit. 14, § 1), exempting from review by the courts decisions of the state superintendent of public instruction, made upon appeals to him from acts or decisions of local school officers, has no application to an order made by him, in the first instance, removing school officers from office.

*People ex rel. Light* v. *Skinner*, 37 App. Div. 44, affirmed.

(Argued April 18, 1899; decided May 12, 1899.)

APPEAL from a final order of the Appellate Division of the Supreme Court in the third judicial department, entered January 23, 1899, reversing, on certiorari, a determination of the state superintendent of public instruction removing the relators from office, and reinstating them.

The facts, so far as material, are stated in the opinion.

*Lester F. Stearns* for appellant. By reason of section 1 of title 14 of the Consolidated School Law, the state superintendent is vested with sole power to determine whether the

violation of duty by the relators was willful, and under this
provision the courts of this state are without power or authority
to review or question his decision upon the merits or other-
wise. (L. 1892, ch. 677, § 19; *Colgate* v. *Penn. Co.*, 102 N.
Y. 127; *C. E. Bank* v. *Nassau Bank*, 91 N. Y. 81; *People
ex rel.* v. *Draper*, 63 Hun, 392; *Anderson* v. *How*, 116 N.
Y. 336; *Wass* v. *Stephens*, 128 N. Y. 123; *Cumming* v.
*Brown*, 43 N. Y. 514; *People ex rel.* v. *Schuyler*, 4 N. Y.
173; *Dennison* v. *Plumb*, 18 Barb. 89; *Wright Case*, 16
Abb. [N. C.] 113; *People* v. *Meakim*, 133 N. Y. 220.) The
practice promulgated by the superintendent pursuant to stat-
ute was strictly complied with; the case voluntarily submitted
without objection upon verified papers presenting no contro-
verted questions, and the relators waived any right to have the
case determined in any other way than the one followed by the
superintendent. (*People ex rel.* v. *Roosevelt*, 7 App. Div. 310;
*People ex rel.* v. *Eckler*, 19 Hun, 609; *Embury* v. *Conner*,
3 N. Y. 511; *Greason* v. *Keteltas*, 17 N. Y. 498; *Baird* v.
*Mayor, etc.*, 74 N. Y. 386; *Matter of Cooper*, 93 N. Y. 511;
*People* v. *Bearfield*, 35 Barb. 254; *People ex rel.* v. *Stout*,
19 How. Pr. 171; *People ex rel.* v. *Nichols*, 79 N. Y. 582.)
The superintendent having acquired jurisdiction of parties and
subject-matter the courts are without power or authority to
review this case upon the merits or otherwise. (*Ham* v.
*Mayor, etc.*, 70 N. Y. 459; Code Civ. Pro. § 2120; *People
ex rel.* v. *Freeman*, 3 Lans. 148; *People ex rel.* v. *Dewey*, 1
Hun, 529; *People ex rel.* v. *Canal Board*, 7 Lans. 220; *Peo-
ple ex rel.* v. *Sherman*, 15 Hun, 575; *People ex rel.* v.
*Draper*, 63 Hun, 389; *Matter of Ryers*, 72 N. Y. 4; *Matter
of S. B. R. R. Co.*, 141 N. Y. 532; *People ex rel.* v. *Betts*,
55 N. Y. 600.) Ample authority was conferred upon the
state superintendent of public instruction to remove the
relators under section 29 of title 8, and also under section 13
of title 1 of the Consolidated School Law. (*Pierson* v. *Peo-
ple*, 79 N. Y. 434; *Heckmann* v. *Pinkney*, 81 N. Y. 211;
*Matter of N. Y. Inst.*, 121 N. Y. 234; *Goodrich* v. *Russell*,
42 N. Y. 184; *People ex rel.* v. *Wurster*, 149 N. Y. 549;

*People ex rel.* v. *Draper*, 63 Hun, 389 ; *People* v. *Bd. Education*, 13 Barb. 402 ; *People ex rel.* v. *Crissey*, 45 Hun, 19.)

*John G. Milburn* for respondents. No case was made for the removal of the relators. No willful violation or neglect of duty on their part was shown. (Code Civ. Pro. §§ 191, 2140 ; *People* v. *Fire Comrs.*, 82 N. Y. 358 ; *People ex rel.* v. *French*, 119 N. Y. 502 ; *People ex rel.* v. *Martin*, 142 N. Y. 352 ; *People ex rel.* v. *Bd. Assessors*, 154 N. Y. 437 ; *Wass* v. *Stephens*, 128 N. Y. 128 ; *People* v. *Bates*, 79 Hun, 584 ; *People ex rel.* v. *Draper*, 63 Hun, 389 ; *Commonwealth* v. *Slifer*, 25 Penn. St. 23 ; *People ex rel.* v. *Burnside*, 3 Lans. 74.) The action of the defendant in removing the relators was reviewable by writ of certiorari. (Code Civ. Pro. §§ 1301, 2120 ; 1 R. S. 467 ; *People ex rel.* v. *Nichols*, 79 N. Y. 582 ; *People ex rel.* v. *Commissioners*, 72 N. Y. 445 ; *People ex rel.* v. *Commissioners*, 96 N. Y. 672 ; *Matter of Fitch*, 147 N. Y. 334 ; *People ex rel.* v. *Commissioners*, 82 N. Y. 358.) The state superintendent of public instruction has no power to remove the members of a board of education of a union free school district created by special act, not conferred by that act. (L. 1858, ch. 34 ; L. 1875, ch. 169 ; *People ex rel.* v. *Hyde*, 89 N. Y. 20 ; *Matter of the Evergreens*, 47 N. Y. 216 ; *Weiler* v. *Nembach*, 114 N. Y. 36 ; *B. C. Assn.* v. *City of Buffalo*, 118 N. Y. 61 ; *Lefevre* v. *Lefevre*, 59 N. Y. 439.) The removal having been made under section 13 of title 1 of the School Law it must be justified under that section, and if it did not authorize the removal the superintendent's order was void. (*People ex rel.* v. *Hall*, 104 N. Y. 170.) The removal of the relators under charges unsupported by testimony and without a hearing was illegal and unauthorized. (*People ex rel.* v. *Nichols*, 79 N. Y. 582 ; *Matter of Nicholls*, 6 Abb. [N. C.] 474 ; *People ex rel.* v. *Police Comrs.*, 155 N. Y. 40.) The appeal should be dismissed because it brings up no question open to review. If entertained, the order of the Appellate Division should be affirmed. (Code Civ. Pro. §§ 191, subd. 3, 1301 ; *People ex rel.* v. *Bd. Assessors*, 154

N. Y. 437; *Matter of Thompson*, 127 N. Y. 463; *Wright* v. *Hunter*, 46 N. Y. 409.)

O'BRIEN, J.   The relators were members of the board of education of the union free school district of Dunkirk, having been duly elected as provided by law.   This school district was created and organized by a special act of the legislature.   (Chap. 34, Laws of 1858, as amended by chap. 169, Laws of 1875.)   The members of the board were removed from office for willful misconduct in their official capacity by the state superintendent of public instruction.   The decision or order of the superintendent which disclosed his official action in this respect bears date September 4th, 1897.   The members of the board applied to the Special Term for a writ of certiorari to review the action of the superintendent in removing them.   The application was made upon a petition stating the facts and circumstances and the grounds upon which the superintendent acted.   The court denied the application and refused the writ.   Upon an appeal to the Appellate Division from this order it was reversed, and the power of the courts to review the official act of the superintendent in this respect was asserted and maintained.   (30 App. Div. 50.)   The application for the writ was thereupon renewed at the Special Term, and it was allowed.   The superintendent then made return to the writ of all of his proceedings with the charges and proofs upon which he acted, and the grounds upon which his action was based are fully disclosed.   The case came on for a hearing before the Special Term upon the petition and the return, and the hearing resulted in a dismissal of the writ and the confirmation of the order of the superintendent.   A second appeal was then taken to the Appellate Division from this last order of the Special Term, and that court, upon appeal, reviewed the whole case upon the law and the facts, and reversed the order of the Special Term and that of the superintendent, and directed that the relators be restored to their respective offices as members of the board of education.

166     · People ex rel. Light v. Skinner.     [May,

Opinion of the Court, per O'Brien, J.     [Vol. 159.

The power to review the proceedings, including the order of the superintendent, was again asserted, and it is quite apparent that the court was of the opinion that the charges and proofs filed with the superintendent upon the application to remove the relators were not sufficient to uphold his order. (37 App. Div. 44.) It is this last order of the Appellate Division that is now before us. Our jurisdiction does not extend to a review of the facts or of the questions of discretion, if any, which were involved in the case. The conclusions of the court below are based, mainly, upon a somewhat extensive and careful examination of the facts and the evidence which was before the superintendent and upon which his action was based. All questions of fact, or matters of discretion, that were before the superintendent or the Special Term and upon which either could act, were also before the learned Appellate Division, and if it had any jurisdiction over the case at all it had the power to decide the case upon its merits upon the facts. But this court has no such jurisdiction. Our review of the case must be confined solely to questions of law, and in order to warrant us in interfering with the order of reversal we must find that some error of law was committed, or that some erroneous legal theory was adopted in the disposition of the case. Our powers are, therefore, confined within a very narrow compass, since the only question of law raised which it is necessary for us to examine is the single question whether the courts possessed the power under the circumstances disclosed by this record to review the action of the superintendent upon a writ of certiorari or otherwise.

That question turns upon the construction which should be given to a statute which, it is claimed, precludes the courts from reviewing the action of the superintendent. That statute is almost as old as the laws regulating and providing for the government and support of the common schools, and is now section one of title 14 of the Consolidated School Law. (L. 1894, ch. 556.) It enacts, in substance, that any person feeling himself aggrieved in consequence of any decision made by school district meetings, school commissioners, supervisors or trustees

of school districts, may appeal to the superintendent of public instruction, and he is authorized and required to examine and decide the same. It was also provided that his decision upon such appeals should be final and conclusive and not subject to question or review in any place or court whatever. The section contains seven subdivisions relating to distinct matters concerning the proceedings and action of local officers charged with duties concerning the administration of the school laws. The only subdivision of the section that has any application to this case is the seventh, and it will be seen that after enumerating various distinct official acts on the part of the local authorities which may be reviewed by the superintendent, this last subdivision provides that the appeal will lie on the application of any party aggrieved "by any other official act or decision concerning any other matter under this act, or any other act pertaining to common schools."

When this statute was originally enacted the superintendent had no power to remove a trustee of a school district, but that power was added by subsequent legislation. A statute which attempts to cut off the power of the courts to review the action of administrative officers, acting summarily or informally and not according to established legal procedure, should not be enlarged or extended by construction beyond the fair import of its language. The courts ought not to extend its application to cases which were not within the purview of the legislature at the time of its enactment, or within the terms of the language employed. Reading the statute in question in the light of these principles, it is obvious that certain acts of local authorities in the administration of the schools are subject to review and correction by the superintendent, and his decisions on these matters are made final and conclusive. They are not subject to question or review in any court. That is the plain language of the statute.

But the application to remove a trustee of a school district is not an appeal from the decision of any local officer, since no local officer has any power or jurisdiction in such a case. It is an original application to the superintendent to act in a

case where no action has been taken before, and, hence, it is. not, in any sense, an appeal from any decision made by a district meeting, or a school commissioner or a supervisor or school trustee. Nor is it " any other official act or decision concerning any other matter under this act, or any other act. pertaining to common schools," done or made by local authorities or officers which the superintendent is authorized to review. It is a direct application to the superintendent to exercise a. power which is original and not appellate in his department. It is analogous to the powers confided to the governor for the removal of sheriffs, county clerks and perhaps other local. officers. The circumstance that such an application is treated by the superintendent as in the nature of an appeal is of no importance whatever. He has power to regulate the procedure in all applications made to him, and may assimilate the practice in an application to remove trustees to that applicable to appeals from the official acts or decisions of school officers or district meetings. But this will not bring such an application within the scope of the statute, or exempt his decision in removing trustees of school districts elected by the people from review by the courts.

It is quite manifest that the decisions of the superintendent,. which are made final and exempt from review by the courts, are those upon appeals to him from the decisions of local officers in the administration of the laws relating to the common schools. The acts which he is authorized to review are those of such officers, administrative in character, and it is only in such cases that his decision is made final by the statute. The provision of the statute exempting his decisions, made upon such appeals, from review by the courts, has no application to an order made by him, in the first instance, removing school officers from office.

We are, therefore, of opinion that the courts below had. power to review the order of the superintendent removing the relators from office.

The briefs of counsel contain able and vigorous arguments. upon the question whether the power of the superintendent

to remove school trustees has any application at all to the members of a board of education of a union free school district created by special act of the legislature. But it is manifest that this question is not necessarily involved in the case. Any decision of it is not required for the disposition of this appeal, and, therefore, we express no opinion upon it one way or the other.

It follows that the order should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Order affirmed.