PEOPLE ex rel. SPAIN v. COYLE, Commissioner, et al.

(Supreme Court, Special Term, Albany County. March 27, 1900.)

1. MUNICIPAL CORPORATIONS—MISCONDUCT OF FIREMAN.

The fire department of Troy was organized under Laws 1893, c. 235, which gave the control of the department to a board of fire commissioners. Laws 1898, c. 182, §§ 201, 202, 204, 207, provided that a commissioner of public safety should have control of the department after January 1, 1900; that the organization of the department would not be otherwise changed; and gave the commissioner power to hear charges of misconduct against firemen, and to remove, suspend, or fine them. Sections 482, 483, as amended by Laws 1899, c. 581, provided that acts in conflict therewith should be repealed, but that it did not affect any liability incurred under existing laws, and that when the power of hearing such offenses was taken from one officer, and conferred on another, the latter could try persons charged with offenses committed before the change. *Held*, that the commissioner of public safety had jurisdiction to try a fireman for acts of misconduct committed before the commissioner had control of the department.

2. SAME—JURISDICTION.

The fact that a writ of certiorari could have been taken from a decision of the board of fire commissioners, finding a fireman guilty of bad conduct, and could not be taken from such a decision of the commissioner of public safety, after Laws 1898, c. 182, had transferred such causes to the latter, does not defeat his jurisdiction to try an offense committed before such law went into effect.

Alternative writ of prohibition, on the relation of Edward H. Spain, against Mark J. Coyle, as commissioner of public safety, and others. Application denied.

John T. Norton, for relator.

Thomas F. Fagan, Corp. Counsel, for defendants.

BETTS, J. This proceeding comes before me on the return to an alternative writ of prohibition in which the relator asks that the said Mark J. Coyle, as commissioner of public safety of the city of Troy, be absolutely restrained from any further proceedings upon certain charges against the relator for alleged misconduct occurring on or about November 8, 9, and 10, 1899, while relator held the position of an officer and member of the fire department of the city of Troy, i. e. "fireman of Esek Bussey Fire Engine Company, No. 8." The facts, briefly, are that, on complaint of certain officials of the fire department of the city of Troy, Mark J. Coyle, as commissioner of public safety, was about to try the relator upon certain charges which are fully set forth in the petition of Edward H. Spain herein. The said commissioner of public safety assumed the duties of his office, January 1, 1900. It is contended on the part of the relator that the said Coyle, as such commissioner, has no jurisdiction to try the relator for alleged offenses committed prior to the said 1st of January, and that his jurisdiction or power to remove or suspend the said relator extends only to matters occurring after said January 1st. The said commissioner of public safety makes a return hereto in which he denies the power of the court to grant the writ applied for or to control this matter, and asserts that he has jurisdiction to try the relator for the alleged offenses. His return

is adopted by Patrick Byron and Francis Caulfield as their return. Prior to the 1st day of January, 1900, the fire department of the city of Troy was under the control and management of a board of fire commissioners. This fire department was organized under the provisions of chapter 235 of the Laws of 1893, and the board of fire commissioners consisted of the mayor and two citizens appointed by the mayor. By chapter 182 of the Laws of 1898, known as "An act for the government of cities of the second class," and which took effect, so far as the matter in controversy here is concerned, on January 1, 1900, the control of the fire department of Troy was by section 201 of said statute placed under the charge and supervision of the commissioner of public safety. Sections 201–204 and 207 of said statute, so far as applicable here, are as follows:

"Sec. 201. The commissioner of public safety shall have charge of and supervision over the fire department.

"Sec. 202. The fire department in each city shall, as to its component parts, except the head thereof, remain as now constituted until the same shall be changed by the action of the common council, which shall at all times have authority, by ordinance, to determine the number and grades of all officers and members of the department.

"Sec. 203. The commissioner shall appoint, when a vacancy shall occur, a chief of the fire department, * * * and all the officers and members of the department as vacancies may occur; * * * and all the officers and members of the department shall, except as hereinbefore specified, and subject to the power of removal hereinafter specified, hold their respective places during good behavior and so long as they are competent to discharge the duties thereof. * * *

"Sec. 204. Any officer or member of the department may be removed by the commissioner upon charges affecting his conduct or character or his competency or capacity to discharge his duties, after a hearing upon such charges or an opportunity to be heard after notice thereof. The trial upon such charges shall be publicly conducted, according to rules and regulations adopted and promulgated by the commissioner; and for the purpose of such trials, the commissioner may issue subpœnas for witnesses and compel their attendance. In case an officer or member is found guilty upon charges affecting his conduct or character, instead of removing him, the commissioner may, in his discretion, suspend him from pay in the department for some definite time, or impose upon him a fine not exceeding fifty dollars. The decision of the commissioner shall be final and conclusive and not subject to review by any court."

"Sec. 207. All officers and members of the fire department when this act takes effect shall remain and continue in their respective positions until their positions shall become vacant by death, resignation, or by removal under the procedure hereinbefore set forth."

It will thus be seen by the sections quoted that a new fire department is not created. The old fire department is continued, with the exception that instead of being under the supervision of a board of fire commissioners it is under the supervision of a commissioner of public safety. It is contended by said commissioner that any untried offenses committed against the statutes relating to such fire department or the rules thereof, as they existed prior or subsequent to January 1, 1900, can be properly tried by him. It would seem to be natural and proper (unless something contained in the statute were to the contrary) that this construction of the commissioner should be maintained. It would be a very serious matter if in all the cities of the second class every offense against the statutes and the fire department rules occurring in the latter part of December,

1899, and not reported, discovered, or tried by the then boards of fire commissioners, could not be tried by their successors. It is the usual, orderly, and customary procedure in such cases, and, unless forbidden by statute, should be followed.

Sections 482 and 483 of said statute as amended are as follows:

"Sec. 482. All statutes of the state and ordinances of the city so far as inconsistent with the provisions of this act are hereby repealed, but such repeal shall not affect any right already existing or accrued, or any liability incurred by reason of any violation of any law heretofore existing, * * * unless otherwise expressly provided in this act. * * *

"Sec. 483, as amended by chapter 581, Laws 1899. Nothing contained in this act shall be construed to repeal any statute of the state or ordinance of the city * * * not inconsistent with the provisions of this act, and the same shall remain in full force and effect, when not inconsistent with the provisions of this act, to be construed and operated in harmony with the provisions of this act. The powers which are conferred and the duties which are imposed upon any officer or department of the city under any city ordinance which is in force at the time of the taking effect of this act, shall, if such office or department be abolished by this act, be thereafter exercised and discharged by the officer, board or department upon whom is imposed corresponding or like functions, powers and duties under the provisions of this act. * * *"

It will be seen by section 482 that the repeal of the prior statutes does not affect any right already existing or accrued, or any liability incurred by reason of any violation of any law heretofore existing, * * * unless otherwise expressly provided in the act. It nowhere is provided in that act, so far as I have been able to ascertain, or in any part to which my attention has been called, that members of the fire department are to be exempt from any violation of law by them committed prior to January 1, 1900. If not, the same would seem to come properly under the jurisdiction of the present commissioner of public safety; and that is strengthened also by section 483, which, in substance, makes the provisions of the statute of 1893 apply to the fire department, except as modified by the present statute.

It is urged on behalf of the relator that had this charge been preferred against him, and a trial had thereon at the time that it is alleged it occurred by the then board of fire commissioners, the writ of certiorari would lie from their decision, if adverse, to this court, for the review thereof, but that by this statute the decision of the said commissioner of public safety is made final; that he is thus denied, in substance, a right of review, which he had at the time the offense is alleged to have been committed. There is some force in this suggestion of relator, that unless his rights have been cut off by statute he should have the same rights of review now that he had at the time when this offense is alleged to have been committed, but it shows no sufficient reason why a trial should now be restrained. We have seen that the statute expressly reserves any right already existing or accrued.

It has been held that "a statute which attempts to cut off the powers of the courts to review the action of administrative officers, acting summarily or informally, and not according to established legal procedure, should not be enlarged or extended by construction beyond the fair import of its language. The courts ought not to

extend its application to cases which were not * * * within the terms of the language employed." People v. Skinner, 159 N. Y. 167, 53 N. E. 806. See, also, Railroad Co. v. Van Horn, 57 N. Y. 478. No reason is shown why a fair trial cannot be had before the commissioner of public safety. The presumption is that a public officer will do his duty. If a fair trial is had, relator cannot complain. In any event, no sufficient reason has been shown for an absolute writ of prohibition.

Application denied, but without costs.