PEOPLE ex rel. MERRALL v. COOLEY, School Com'r, et al.

(Supreme Court, Special Term, Nassau County.  January, 1912.)

1. MANDAMUS (§ 79*)—PURPOSE OF WRIT—PERFORMANCE OF DISCRETIONARY MATTERS.

Mandamus will not lie to compel the commissioner of education to rescind an order staying a county school commissioner from issuing a certificate that the territory of a village was a separate school district, and to compel the school commissioner to issue the certificate, at least

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pending an appeal of the matter to the commissioner of education on the ground that the village is not wholly within the school district from which it sought to be separated, which was the same ground on which the school commissioner refused to issue the certificate of separation; the question being at least in the first instance for the commissioner of education.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 170–176; Dec. Dig. § 79.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 47*)—PROCEEDINGS—APPEAL TO COMMISSIONER OF EDUCATION—CONCLUSIVENESS OF DECISION.

Notwithstanding Education Law (Consol. Laws 1910, c. 16) § 880, authorizing any person aggrieved by a decision in school matters to appeal or petition the commissioner of education, and providing that his decision on such appeals, petitions, etc., shall be final and conclusive, "and not subject to question or review in any place or court whatever," the courts may review a decision of the commissioner of education at the instance of a citizen whose vested or legal rights are injured thereby, though they will not interfere with his action any more than in similar departmental transactions under the law.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 93–99; Dec. Dig. § 47.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 37*)—ESTABLISHMENT OF DISTRICT.

One part of the education law (Consol. Laws 1910, c. 16) cannot be complied with in establishing a separate school district thereunder and another part rejected, but the whole law must be complied with.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 68; Dec. Dig. § 37.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 37*)—CREATION OF DISTRICT—REVIEW OF PROCEEDINGS.

The Legislature may provide for the review by the educational authorities of proceedings for the creation of a separate school district out of an existing district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 68; Dec. Dig. § 37.*]

Application for mandamus by the People, on the relation of Frank R. Merrall, against James S. Cooley, School Commissioner of the County of Nassau, and another. On motion to quash the alternative writ and dismiss the proceedings. Motion granted.

Huntington, Rhinelander & Seymour (Origen S. Seymour, of counsel), for relator.

William Willett, Jr., for respondent James S. Cooley, commissioner.

Frank B. Gilbert, for respondent Andrew S. Draper, commissioner.

KELLY, J. I am of opinion that this proceeding must be dismissed for the following reasons:

The relator is a resident in and president of the incorporated village of Lawrence in Nassau county. Pursuant to sections 130 and 131 of the education law (chapter 140, Laws 1910 [Consol. Laws 1910, c. 16]), a meeting was held on April 8, 1911, at which it was voted that the village be separated from Union free school district No. 15, and be and become a separate school district. The vote at the meeting was canvassed, and the result certified to the respondent School Commissioner Cooley, with a request that he certify that the territory of the village was a separate school district, which is the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

procedure provided in subdivision 3, § 131, Education Law. It is apparent that School Commissioner Cooley does not favor the separation. He declined to issue the certificate until he was satisfied that the entire territory of the village of Lawrence, which is sought to be constituted a separate district, was within the boundaries of Union school district No. 15. It is so required in the education law. More than that, he counseled an appeal by Union free school district, No. 15 to the commissioner of education from the proceedings of the meeting at which the village sought to separate itself from the district. The school district and one Joseph H. Foster, an elector in the district, thereupon appealed to the respondent commissioner of education, claiming that they were aggrieved by the transaction at the village meeting. The education law (section 880, subd. 7) authorizes an appeal to the commissioner of education "by any person conceiving himself aggrieved * * * by any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to the common schools." The commissioner of education made an order on May 5, 1911, staying School Commissioner Cooley from issuing the certificate separating the school district as voted at the meeting. The issuance of such a stay is provided for in section 881 of the education law.

The village of Lawrence then made a motion before the state commissioner to dismiss the pending appeals, upon the ground that he had no jurisdiction to hear them, as the appellants were not persons aggrieved within the meaning of the statute. This motion was denied, the village was granted time in which to answer the appeals, but no further proceedings have been taken on such appeals, and they are still pending before the state commissioner.

[1] The relators now ask a mandamus to compel the commissioner of education to rescind the order staying Commissioner Cooley from issuing the certificate of separation of the district, and also commanding Commissioner Cooley to issue the certificate in question.

I think the proceeding for mandamus is improper. These matters are before the commissioner of education for decision. The alleged ground on which the appeals are taken and on which Commissioner Cooley refuses to issue the certificate is that the village of Lawrence is not wholly within school district 15. This is one of the statutory requirements before a separate school district can be formed. The decision of this question, as well as the status of the appellants, is given by the Legislature to the commissioner of education by the education law. It is a part of the general supervisory power which the people have seen fit to vest in the department of education. I think these matters must be decided, in the first instance, at any rate, by the commissioner of education.

[2] I am not called upon here to pass upon the constitutionality of the provisions in the education law, which seek to make the decision of the commissioner of education final and conclusive, and not subject to review in any court. This language is certainly startling at first reading, but I do not think it deprives the courts of jurisdiction

in proper cases, or prevents interference in case the vested rights of any citizen are interfered with. But certainly the Legislature could properly provide that all these matters involving the administration of the educational system of the state should be confided in the first instance to the educational authorities.

[3] The relators sought to constitute themselves a separate district, pursuant to the authority granted in the education law, and they must take it as a whole. They cannot accept one part of it and reject another. The Legislature might have repealed the education law the day before the village meeting, and there would have been no authority for the action taken.

[4] So, when they grant the privilege, it seems to me they may provide for its review by the educational authorities. The village itself is a municipal corporation created by the Legislature. It may be that the commissioner of education will sustain the contention of the relators when the matter comes before him. If he does not, and his action is illegal, or without jurisdiction, I am very sure that it can be reviewed notwithstanding the sweeping provisions of the statute which at first blush would seem to make him independent of all authority. But, if he has jurisdiction of the matter and of the parties, the courts will not interfere with his action any more than in many similar departmental transactions under the law. The courts are not without jurisdiction, but, when these matters are left by the Legislature to other legally constituted tribunals, the courts do not interfere. The language of the statute, which seems to exempt the commissioner from review, has been before the courts, and the individual citizen is not without remedy, if he has a legal grievance. Light v. Skinner, 159 N. Y. 162, 53 N. E. 806; Matter of Light, 30 App. Div. 50, 51 N. Y. Supp. 743; People ex rel. Walrath v. O'Brien, 112 App. Div. 97, 97 N. Y. Supp. 1145; People v. Skinner, 74 App. Div. 58, 77 N. Y. Supp. 36; Union F. S. Dist. v. Village of Glen Park, 109 App. Div. 414, 96 N. Y. Supp. 428.

I think that the relators' application is premature, and that the writ should be quashed and the proceedings dismissed.