(9 App. Div. 369.)

BOECHAT v. BROWN.

(Supreme Court, Appellate Division, Fourth Department. October 16, 1896.)

1. APPEAL FROM SUPERIOR COURT OF BUFFALO—ELECTION BY APPELLANT.
    A recital in a notice of appeal from the municipal court of Buffalo, that appellant elects to appeal to the special term of the supreme court instead of the appellate division (Laws 1895, c. 805, § 33), precludes him from afterwards appealing from the special term to the appellate division.

2. SAME—SPECIAL TERM AS APPELLATE COURT.
    Code Civ. Proc. § 1347, providing for appeals from the special term of the supreme court, does not apply to orders of the special term on appeals to it from an inferior court.

3. SAME—CONSTITUTIONAL LAW.
    Laws 1895, c. 805, § 33, which gives the right to appeal from the municipal court of Buffalo to the special term of the supreme court or to the appellate division, instead of the superior court of Buffalo, which was abolished by Const. 1895, art. 6, § 5, is not in conflict with section 2 of said article, giving the appellate division of the supreme court the jurisdiction formerly exercised by the superior court of Buffalo.

Appeal from special term, Erie county.

Action by Frank P. Boechat against Martin Brown for the value of certain stone wrongfully taken by defendant. From a decision affirming a judgment for plaintiff, defendant appeals. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Edward E. Tanner, for appellant.
A. J. Hibbard, for respondent.

WARD, J. The plaintiff (the respondent here) instituted an action in the municipal court of Buffalo in the month of September, 1895, to recover the value of certain stone which the complaint alleged were wrongfully taken by the defendant from the plaintiff, and converted by the defendant. The answer was a general denial of the plaintiff's title and of the wrongful taking. On the 7th of November the plaintiff recovered a judgment of $62, and on the 18th of that month the de-

fendant (the appellant here) served a notice of appeal, stating that the defendant appealed to the special term of the supreme court from the judgment, describing it.    From the order of the special term affirming this judgment the defendant appeals to this court, where he is met with the objection of the respondent that the appeal cannot be entertained by this court, as, the defendant having elected to appeal to the special term instead of to the general term in the first instance, he is concluded by the statute from making the appeal to this court.

Prior to the enactment of chapter 805 of the Laws of 1895, which took effect May 27, 1895, an appeal from the municipal court of the city of Buffalo was required by the charter of the city to be taken to the superior court of that city, but by section 33 of that act it was provided that appeals could be taken from the judgment of the municipal court "to the supreme court, Erie county, in the same cases, in the same manner, and with like effect as appeals are now had by law to the county court from judgments obtained in justices' courts, except that in case of an appeal where a new trial is not demanded, the appellant shall have the right to appeal to the special or general term of such supreme court upon complying with the rules of said court, relating to said terms, but shall specify his election in the notice of appeal.    But the appellate court may, in its discretion, set aside the judgment appealed from, or stay proceedings thereunder, and by order direct a new trial before said municipal court at such a time specified in said order, and upon such terms as it deems proper."    A new trial was not demanded upon the appeal in this case. The appellant contends, however, that the legislature has absolutely provided for the right to appeal to the general term in such a case under the general provisions of the Code.    Section 1347 of the Code provides for appeals from orders of the special term, and is a general provision for appeals in the supreme court, and has no application to an appeal from an inferior court where the special term is constituted an appellate court.    The appellant's contention would secure to him the benefit of two appeals in the supreme court,—a thing unknown to our jurisprudence.    The statute authorizing the appeal to the supreme court, and the only authority for such an appeal, gives the party aggrieved the option to appeal either to a special term or to the general term (now the appellate division), but confers no authority to appeal to the appellate division if defeated at the special term.    Section 1340 of the Code (as amended by Laws 1895, p. 840) provides that, "except appeals from inferior and local courts heretofore heard   *   *   *   in the superior court of Buffalo, an appeal may be taken to the appellate division of the supreme court.   *   *   * Appeals from inferior and local courts heretofore heard   *   *   *   in the superior court of Buffalo may be taken to the supreme court." This section does not conflict with the provisions of the Buffalo city charter as to appeals above referred to.    And if this section of the Code may be regarded as in conflict with section 33 of the Buffalo charter, the latter, being a special or local law, is not repealed by the former, for the reason that a general statute will not be regarded as repealing or modifying a special or local one unless the intention so to

do is clearly expressed, or such repeal must follow by necessary implication, which is not the case here. The amended constitution of this state took effect January 1, 1895, except as therein otherwise provided. By section 5 of article 6 of the constitution the superior court of the city of Buffalo was swept out of existence after the 1st day of January, 1896, and the conclusion of the section is as follows, so far as it relates to the matter before us: "The jurisdiction now exercised by ＊ ＊ ＊ the superior court of Buffalo shall be heard in the supreme court in such manner and by such justice or justices as the appellate division which includes Buffalo shall direct unless otherwise provided by the legislature." As we have seen, the legislature has otherwise provided in the amendment to the Buffalo charter above quoted. It is true that by section 2 of article 6 of the constitution it is provided that from and after the last day of December, 1895, the appellate division "shall have the jurisdiction now exercised by the supreme court at its general terms and by the general terms of ＊ ＊ ＊ the superior court of Buffalo, ＊ ＊ ＊ and such additional jurisdiction as may be conferred by the legislature," etc. This court would not hesitate to entertain this appeal had it been made to this court in the first instance, as the statute permitting any appeal in the premises authorizes. We do not think the provision of the constitution last quoted conflicts with the authority given to the legislature by section 5 of the same article. The constitution itself does not define the cases that may be taken by appeal to this court, but leaves that duty with the legislature.

The appeal herein should be dismissed, with costs. This conclusion renders it unnecessary to consider the merits of the appeal. All concur.