PATTERSON, J.
—The order appealed from, granting a motion for an extra allowance in a partition suit, was made at the special term. There had been no hearing of the cause, but issues had been joined and the cause put upon the calendar for jury trials. The complaint was dismissed by the justice at the trial term. No application for an extra allowance was made to him. In no aspect of the subject was the moving party, the defendant, entitled to the order made. Rule 45 of the general rules of practice expressly provides that all applications of this character “ can only ” be made to the court before which the trial is had or the judgment rendered; that is to say, the branch of the court, as at present constituted, in which the trial is had. There was no trial of the action, but, assuming for the moment that there was, then the defendant was clearly wrong in moving elsewhere than at the trial term, or the court in which the trial was had. lie stands upon the dismissal of the complaint as entitling him- to a judgment, and his motion *773 should have been made where the cause was tried. But, as before stated, there was no trial of the cause. It is an equity suit, in which a trial cannot be had elsewhere than in that branch of the court having cognizance of such causes. Although it is such a suit, yet the parties are entitled as matter of right to a trial by jury of the issues; but that does not change the inherent nature of the action, nor authorize the justice at the trial term to dismiss the complaint or make a final determination of the action. The issues may be tried upon the pleadings or on framed issues, but it is a trial of issues only preliminary to the hearing of the cause, after which the final judgment can be directed at the special term, and nowhere else. The verdict is binding on the court at special term, as the trial by jury is a matter of right, but before any judgment can be pronounced the court at special term must act on the whole case. Nothing has been changed in this regard by the abolition of the circuit courts and the institution of the new judicial system. There is but one supreme court, but its functions are exercised in different branches, adapted to the transaction of different kinds of business, and equity causes must be disposed of in the branch of the court appointed to hear them. No trial has therefore been had of this cause, and it was in no condition for a motion for an extra allowance. Costs bad not been allowed, nor could they be until the case was brought to hearing before a justice authorized to make a final determination, and to exercise the discretion residing in him to grant or withhold costs in an equity suit.
The order must be reversed, with $10 costs, and the motion denied, with $10 costs.
All concur.