JULIUS MANHEIM, Respondent, *v.* MICHAEL SEITZ, Appellant.

*Justice's Court — failure to demand a jury trial — it may be demanded on a new trial — an appeal from the Municipal Court of the city of New York lies to the Special Term or to the Appellate Division, not to both.*

A party to an action in a Justice's Court, who has failed to demand a jury trial at the time of joining issue, as provided by section 3127 of the Code of Civil Procedure, may, upon a retrial of the action after an appeal, demand a trial by jury.

An appeal from a judgment rendered in the Municipal Court of the city of New York may, it seems, be taken either to a Special Term of the Supreme Court or to the Appellate Division, but the defeated party, having appealed to the Special Term and been defeated, cannot take an appeal from its decision to the Appellate Division.

APPEAL by the defendant, Michael Seitz, from a judgment of the Supreme Court in favor of the plaintiff, bearing date the 9th day of May, 1898, and entered in the office of the clerk of the county of Kings upon an order made at the Kings County Special Term, bearing date the 28th day of March, 1898, and entered in said clerk's office, affirming a judgment of a justice of the Municipal Court of the city of New York, in and for the borough of Brooklyn.

*J. J. Bennett*, for the appellant.

*Thomas F. Magner*, for the respondent.

WOODWARD, J.:

The interesting question is presented on this argument whether a party to an action in a Justice's Court having failed to demand a jury at the time of joining issue, as provided by section 3127 of the Code of Civil Procedure, may, upon a retrial of the action, after appeal, demand trial by jury. While there is some reason to doubt this right, we are inclined to believe that it should be granted where the demand is seasonably made upon the parties appearing for retrial. The difficulty which we find in this case is not, however, the disposition which should be made of the question upon its merits, but the question of the jurisdiction of this court upon the appeal.

This action was tried in the Municipal Court of the city of New York. This court was created under the provisions of title 2 of chapter 20 of the charter of New York city, and known as chapter 378 of the Laws of 1897. Section 1367 of the charter provides that "An appeal from a judgment rendered in the Municipal Court of the city of New York may be taken to the Supreme Court in the cases and

in the manner prescribed in articles first and second of title eight of chapter nineteen of the Code of Civil Procedure. Such appeal shall be heard in such manner and by such justice or justices as the Appellate Division of the Supreme Court in the judicial department embracing the district wherein the action is brought shall direct." There is no authority in the statute for the Appellate Division of the Supreme Court to hear the appeal, or for more than one appeal to the Supreme Court in any instance; and this seems to be in accord with the policy of the State, which, in the recent remodeling of the judiciary article of the Constitution, restricted litigants in the Supreme Court to a single appeal in a large number of cases, and provided (§ 5, art. 6) that "Appeals from inferior and local courts now heard in the Court of Common Pleas for the city and county of New York and the Superior Court of Buffalo, shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Divisions in the respective departments which include New York and Buffalo shall direct, unless otherwise provided by the Legislature." This clause of the Constitution, while not bearing directly upon the point involved in this case, is important as showing the policy of the State, and it will be noticed that the language of the statute follows closely that of this section of the Constitution.

In the case of *Boechat* v. *Brown* (9 App. Div. 369) the court had under consideration a somewhat similar appeal from the Municipal Court of Buffalo. Under the charter of the city of Buffalo (Laws of 1891, chap. 105, § 457, as amd. by Laws of 1895, chap. 805), such appeals were to be taken to the Superior Court, but it was further provided that appeals might be taken to the "Supreme Court, Erie county, in the same cases, in the same manner and with like effect as appeals are now had by law to the County Court from judgments obtained in Justices' Courts, except that in case of an appeal where a new trial is not demanded the appellant shall have the right to appeal to the Special or General Term of said Supreme Court upon complying with the rules of said court relating to said terms, but shall specify his election in the notice of appeal."

In the case under consideration the appellant had sought relief at the Special Term, and, being unsuccessful, he demanded the right

to appeal from the Special Term to the General Term under the provisions of section 1347 of the Code of Civil Procedure. In that case the court say : " Section 1347 of the Code of Civil Procedure provides for appeals from orders of the Special Term, and is a general provision for appeals in the Supreme Court, and has no application to an appeal from an inferior court where the Special Term is constituted an appellate court. The appellant's contention would secure to him the benefit of two appeals in the Supreme Court, a thing unknown to our jurisprudence. The statute authorizing the appeal to the Supreme Court, and the only authority for such an appeal, gives the party aggrieved the option to appeal either to a Special Term or to the General Term (now the Appellate Division), but confers no authority to appeal to the Appellate Division if defeated at the Special Term."

The appellant in the case at bar has had an appeal in the manner prescribed by the statute, and there is no provision of law by which this court is authorized to review the conclusions reached by the court having jurisdiction of the appeal. By the provisions of chapter 546 of the Laws of 1898, section 1367 of the charter of the city of New York is so amended that the Appellate Division in this department may hear appeals from the Municipal Court direct, and this duty has been assumed. There must be a time when all litigants are to accept the results of litigation, and in actions before the Municipal Court the law has determined that this time shall have arrived when the parties to an action have had an appeal to the Supreme Court, as provided in the charter of the city of New York.

The appeal should be dismissed, with costs.

All concurred.

Appeal dismissed, with ten dollars costs and disbursements.