FREIFELD et al. v. SIRE.

(Supreme Court, Appellate Term. June 22, 1903.)

1. DISPOSSESS PROCEEDINGS—RIGHT TO JURY TRIAL—WAIVER—RETRIAL.
    Under Code, § 2247, providing that in a dispossess case the issues
    must be tried by the judge or justice, unless either party shall, within
    the time designated in the precept for showing cause, demand a jury
    trial, and section 3065, providing that where a new trial is directed before
    a justice the parties must appear at the time and place specified in the
    order of the appellate court, and like proceedings be had as upon the
    return of a summons personally served, a defendant who has failed to
    demand a jury trial in dispossess proceedings does not thereby waive
    his right to demand a jury upon a retrial pursuant to an order of the
    appellate court.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by George Freifeld and another against Henry B. Sire.
From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

Meyer Greenberg, for appellant.
Charles Gibson Bennett, for respondents.

PER CURIAM. A former trial was had, at which no proper de-
mand for a jury was made. The judgment was reversed, and a new
trial ordered. When the case came on again for trial, the defendant
demanded a jury. The court denied the motion on the following
ground:

"The case is proceeding on the same footing as the former trial. The issues
are the same, and this is simply a new trial ordered by the Appellate Term."

Exception was taken by defendant.

The question presented is one of a waiver by defendant of his right to a jury trial by reason of his failure to demand a jury trial at the time designated in the precept for showing cause. The defendant claims that a party to an action in a Justice's or Municipal Court, who has failed to demand a jury trial at the time designated in the precept for showing cause, as provided by section 2247 of the Code of Civil Procedure, may, upon a retrial of the action after an appeal, demand a trial by jury. In the case of Manheim v. Seitz, 36 App. Div. 352, 55 N. Y. Supp. 321, the Second Department, Appellate Division, by Woodward, J., held, in construing section 3127 of the Code, that, "while there is some reason to doubt this right, we are inclined to believe that it should be granted where the demand is seasonably made upon the parties appearing for retrial."

Section 3127 applies only to Brooklyn courts, and provides that "a trial by jury is waived, unless a party demands it at the time when an issue of fact is joined," etc. Section 2247 provides that "the issues joined by the petition and answer [in a dispossess case] must be tried by the judge or justice, unless either party to such proceedings shall, at the time designated in such precept for showing cause, demand a jury"; and section 231 of the Municipal Court act (Laws 1902, p. 1557, c. 580) provides, that at any time when an issue of fact is joined, either party may demand a jury trial, and that, unless so demanded at the joining of issue, a jury trial is waived.

The statute passed upon by the Appellate Division, in the case of Manheim v. Seitz, supra, differs somewhat from section 2247, inasmuch as the latter is more mandatory. It provides, as we have seen, that the issues "must" be tried by the justice, unless, at the time specified, a jury trial is demanded. Although in the case at bar, as we have seen, no such demand was made until the case came up for a second trial, pursuant to an order of this court granting a new trial, we think the application was seasonably made.

The order of this appellate court set the retrial of this proceeding for the 23d day of December, 1902. At some time prior to the 23d day of December, 1902, to rectify an error as to the date fixed for the retrial of this proceeding, a stipulation was entered into, in writing, by which the trial of this proceeding was adjourned, without prejudice to any of the rights of the parties hereto, from December 23, 1902, to December 24, 1902. (The stipulation is annexed to the return.) Thus the right of the tenant to demand a jury trial on the 24th day of December, 1902, was the same as though the proceeding were not adjourned.

It is true that this is a statutory proceeding by a landlord to evict a tenant, and the provisions of the statute must be strictly observed. Still it must also be said that the right of the tenant to a jury trial was the same as if he had just been brought into court upon the return of the precept.

Section 3065 of the Code provides:

"Where a new trial is directed before a justice as prescribed in the last two sections, the parties must appear before him at the time and place specified in the order of the appellate court without service of any notice or

of a copy of the order. Thereupon the like proceedings must be had in the action, as upon the return of a summons personally served."

This section is no more inconsistent with section 231 of the Municipal Court act than it is with section 3127 of the Code; and the authority above cited holds, as we have seen, that the last-named section does not prevent defendant from demanding a jury trial at the second trial after appeal. Section 3065 of the Code is not among the sections declared inapplicable to the Municipal Court by section 363 of the Municipal Court act (Laws 1902, p. 1595, c. 580). Section 20 of said act (Laws 1902, p. 1496, c. 580) makes all sections of the Code applicable to the Municipal Court, if not inconsistent with the provisions of said act. We are of opinion that the authority of Manheim v. Seitz applies here, and the justice should not have refused a jury trial.

The final order must be reversed, and a new trial granted, with costs to the appellant to abide the event.