### TRACY et al. v. FALVEY et al.

(Supreme Court, Appellate Division, First Department. March 10, 1905.)

1. TRIAL—RIGHT TO JURY—WAIVER—EFFECT.

Where a party's right to trial by jury is waived, such waiver cannot be retracted, but obtains during the life of the litigation, except when otherwise provided by statute.

2. SAME—JUDGMENT—BAR.

Where neither the notice of motion that the issues in a partition suit be tried to a jury, nor the order denying the same, limited the motion to the first trial, plaintiffs not having appealed therefrom, the order was a bar to a subsequent application for a jury on a retrial of the case after reversal, in the absence of leave to renew the motion.

Appeal from Special Term.

Action by Alberta P. Tracy and others against Catherine Falvey and others. From an order granting plaintiffs' motion for a jury trial on the issues, defendants appeal. Reversed.

See 88 N. Y. Supp. 1118.

This action was commenced in 1894, and was noticed for trial at Special Term in June, 1896, but was not then tried. It was restored to the Special Term calendar, on plaintiffs' motion in May, 1898, and was upon that calendar in November, 1899, when plaintiffs moved for the "entry of an order directing that the issues herein be tried upon the pleadings by a jury." That motion coming on to be heard, and, being opposed by the defendants, and the plaintiffs' counsel consenting, it was denied on November 28, 1899. The action was tried in February, 1900, at Special Term, and the plaintiffs recovered a judgment, which was reversed in June, 1904, by the Appellate Division (Tracy v. Frey, 95 App. Div. 579, 88 N. Y. Supp. 874); and thereafter a motion was made by the plaintiffs that the issues be tried by a jury at Trial Term, which motion was granted, and from the order granting it, dated December 20, 1904, the defendants appeal.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellants.
Nelson Shipman, for respondents.

O'BRIEN, J. The learned judge at Special Term correctly held that in an action such as this—for partition—the plaintiffs were entitled to have the issues of fact tried by a jury, unless they had lost or waived their right. In passing, it may be said that the·rule deducible from the authorities is that the constitutional right to a jury trial may be waived, and where this occurs it cannot be retracted, but remains good during the life of the litigation. Matter ·of the Application of Cooper, 93 N. Y. 507; Baird v. The Mayor, 74 N. Y. 385. This rule, however, has no application to cases where, by the express language of the statute governing the action or proceeding, the waiver, though once occurring, is not conclusive upon the rights or remedies of the parties in subsequent stages of the action or proceeding; and statutes of the character referred to, and which render inapplicable the general rules relating to the waiver, are to be found, we think, in the two cases referred·to in the memorandum of the learned judge at Special Term. Manheim v. Seitz, 36 App. Div. 352, 55 N. Y. Supp. 321; Freifeld v. Sire (Sup.) 84 N. Y. Supp. 144. The case of Manheim v. Seitz, supra, involved a construction of section 3127 of the Code of Civil Procedure; and it was held that though the party failed to demand a jury trial at the time. of joining issue, as provided in that section, he could, upon a retrial of the action after an appeal, demand a trial by jury. Freifeld v. Sire was a case arising under sections 2247 and 3065 of the Code of Civil Procedure, which latter section provides that, "where a new trial is directed, like proceedings must be had in the action as upon the return of a summons personally served"; and the court properly held that, through a failure to demand a jury trial in dispossess proceedings under these sections, a defendant did not waive his right to demand a jury trial upon a retrial pursuant to an order of the appellate court. We think, however, that a clear distinction exists between the cases referred to by the learned judge at Special Term and this action, for the reason that we find, as applicable to actions in the Supreme Court, no provisions in the Code of Civil Procedure conferring the right to a trial by jury on a second trial where the right has once been waived.

We do not wish, however, to rest our decision solely upon the question of waiver; thinking, as we do, that the order of November 28, 1899, denying the plaintiffs' motion for a jury trial, is a bar to the present motion. That order, it is contended by the plaintiffs, had reference only to the first trial. The reading, however, of the notice of motion, as well as of the terms of the order itself, seems to us to refute that contention. The notice reads that:

"On the pleadings in the above-entitled action, * * * we shall move the court at a Special Term * * * for the entry of an order directing that the issue herein be tried upon the pleadings by a jury."

And in the order the recital is as follows:

"The plaintiffs' motion for an order directing the issue in the above-entitled action to be tried upon the pleadings by a jury having come on to be heard, * * * and counsel for all the defendants having appeared in opposition to said motion, and the said plaintiffs, by * * * their counsel, consenting, * * * it is ordered that the plaintiffs' said motion be, and the same is hereby, denied."

Neither in the notice of motion nor in the order is there any provision limiting it to the first trial. It was a notice given and an order made in the action, and, not having been appealed from, it is conclusive upon the parties, in the absence of any leave having been asked or given for a renewal of the motion. It was a motion made for a trial by a jury of the issues in the action, and was not, as suggested, a motion that a specific trial should be before a jury. Having been denied, the order denying it was a bar to moving subsequently for the same relief, without first obtaining leave.

In Oppenheim v. Lewis, 20 App. Div. 332, 46 N. Y. Supp. 765, and cases which have followed that decision, it was held by this court that "an order not appealed from, and unreversed, is conclusive against the right of a moving party to the same relief on a second motion."

We think this order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.