ALBERTA P. TRACY and ROBERT C. DAVEY, as Executor, etc., of WILLIAM L. EVANS, Deceased, Respondents, *v.* CATHERINE FALVEY, Individually and as Executrix, etc., of THOMAS FALVEY, Deceased, Appellant, Impleaded with THE GERMAN SAVINGS BANK IN THE CITY OF NEW YORK.

*Waiver of a right to a jury trial — when an order denying a motion for a jury trial in a partition suit is a bar to a second motion therefor — when a consent to the entry of such an order continues in force during the entire litigation.*

The constitutional right to a jury trial may be waived and the waiver, when once made, cannot be retracted but remains good during the life of the litigation. Such rule, however, has no application to cases where, by the express language of the statute governing the action or proceeding, the waiver, though once occurring, is not conclusive upon the rights or remedies of the parties in subsequent stages of the action or proceeding.

While an action in partition was upon the Special Term calendar for trial the plaintiffs moved for an order "directing that the issues herein be tried upon the pleadings by a jury." The motion resulted in an order providing, "counsel for both the defendants having appeared in opposition to said motion, and the said plaintiffs by * * * their counsel consenting, * * * it is ordered that the plaintiffs' said motion be and the same is hereby denied."

The action was tried at Special Term and resulted in a judgment for the plaintiffs which was reversed by the Appellate Division. The plaintiffs then made a motion for a jury trial of the issues in the action.

*Held,* that the order denying the plaintiffs' first motion for a jury trial, not having been appealed from, was a bar to their second motion for a jury trial.

*Semble,* that the action of the plaintiffs in consenting to the entry of the first order constituted a waiver of their right to a jury trial, which waiver continued in force during the life of the litigation.

APPEAL by the defendant, Catherine Falvey, individually and as executrix, etc., of Thomas Falvey, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of December, 1904, granting the plaintiffs' motion for a jury trial of the issues in the action.

This action was commenced in 1894, and was noticed for trial at Special Term in June, 1896, but was not then tried. It was restored to the Special Term calendar on plaintiffs' motion in May, 1898, and was upon that calendar in November, 1899, when plaintiffs moved for the "entry of an order directing that the issues herein be tried upon the pleadings by a jury." That motion coming on to

be heard, and being opposed by the defendants, and the plaintiffs' counsel consenting, it was denied on November 28, 1899. The action was tried in February, 1900, at Special Term and the plaintiffs recovered a judgment, which was reversed in June, 1904, by the Appellate Division (*Tracy* v. *Falvey*, 96 App. Div. 607) and thereafter a motion was made by the plaintiffs that the issues be tried by a jury at Trial Term, which motion was granted, and from the order granting it dated December 20, 1904, the defendant Falvey appeals.

*Edward W. S. Johnston*, for the appellant.

*Nelson Shipman*, for the respondents.

O'BRIEN, J. :

The learned judge at Special Term correctly held that in an action such as this for partition, the plaintiffs were entitled to have the issues of fact tried by a jury unless they had lost or waived their right.

In passing it may be said that the rule deducible from the authorities is that the constitutional right to a jury trial may be waived, and where this occurs it cannot be retracted, but remains good during the life of the litigation. (*Matter of Cooper*, 93 N. Y. 507; *Baird* v. *Mayor*, 74 id. 385.) This rule, however, has no application to cases where, by the express language of the statute governing the action or proceeding, the waiver though once occurring is not conclusive upon the rights or remedies of the parties in subsequent stages of the action or proceeding; and statutes of the character referred to, and which render inapplicable the general rules relating to the waiver, are to be found, we think, in the two cases referred to in the memorandum of the learned judge at Special Term.* (*Manheim* v. *Seitz*, 36 App. Div. 352; *Freifeld* v. *Sire*, 84 N. Y. Supp. 144.)

The case of *Manheim* v. *Seitz* (*supra*) involved a construction of

---

* The following is the memorandum of SCOTT, J., handed down at Special Term in the case of *Tracy* v. *Kircher* on the authority of which the present, case was decided at Special Term:

SCOTT, J.:

This is an action for partition and it is conceded that the plaintiffs are entitled as of right to demand that the issues of fact be tried by a jury, unless that right has been lost or waived. It was not waived by noticing the cause for trial at Special Term. Although the issues of fact are triable

section 3127 of the Code of Civil Procedure, which has been since repealed by section 364 of chapter 580 of the Laws of 1902, and it was held that though the party failed to demand a jury trial at the time of joining issue, as provided in that section, he could, upon a retrial of the action after an appeal, demand a trial by jury. *Freifeld* v. *Sire* (*supra*) was a case arising under sections 2247 and 3065 of the Code of Civil Procedure, which latter section provides that " where a new trial is directed, * * * like proceedings must be had in the action as upon the return of a summons personally served," and the court properly held that through a failure to demand a jury trial in dispossess proceedings under these sections, a defendant did not waive his right to demand a jury trial upon a retrial pursuant to an order of the appellate court.

We think, however, that a clear distinction exists between the cases referred to by the learned judge at Special Term and this action, for the reason that we find, as applicable to actions in the Supreme Court, no provisions in the Code of Civil Procedure conferring the right to a trial by jury on a second trial, where the right has once been waived.

---

before a jury, the action is an equitable one and can only properly be brought on for trial at the Equity or Special Term (*Toch* v. *Toch*, 9 App. Div. 501), and the order for the trial of issues by a jury is properly made after the cause has been noticed for trial at the Special Term. (*Southack* v. *Central Trust Company*, 62 App. Div. 260.) Nor has the plaintiff lost the right to move by laches. Since the right is an absolute and constitutional one the motion may be made at any time before the trial is actually begun, and rule 31 of the General Rules of Practice has no application. (*Moss* v. *Burnham*, 50 App. Div. 301.) The order of November 28, 1899, denying a motion for a jury trial is not a bar to the present motion. That order had reference only to the first trial. The plaintiffs' act in once going to trial before the court without a jury did not constitute a waiver of their right to a jury trial upon any subsequent trial. Such seems to be the general rule in other jurisdictions, and it rests upon sound legal principles. It has been applied to analogous, if not strictly similar, cases in our own courts. (*Manheim* v. *Seitz*, 36 App. Div. 352 ; *Freifeld* v. *Sire*, 84 N. Y. Supp. 144.) As the plaintiffs' right is an absolute one, and has not been lost or waived, their motives for now insisting upon it cannot be considered. It is intimated by defendants that if any issues are to be sent for trial before a jury, others should be sent than those suggested by plaintiffs. The approved practice in this department is to frame, at Special Term, the precise issues to be tried before the jury, and upon the settlement of the order either party may submit such issues as it is deemed should be so tried.

Motion granted, with ten dollars costs to abide event.

Settle order on three days' notice.

First Department, March, 1905.                    [Vol. 102.

We do not wish, however, to rest our decision solely upon the question of waiver, thinking as we do that the order of November 28, 1899, denying the plaintiffs' motion for a jury trial is a bar to the present motion. That order it is contended by the plaintiffs had reference only to the first trial. The reading, however, of the notice of motion, as well as of the terms of the order itself, seems to us to refute that contention. The notice reads : " On the pleadings in the above-entitled action  *  *  *  we shall move the court at a Special Term  *  *  *  for the entry of an order directing that the issues herein be tried upon the pleadings by a jury ; " and in the order the recital is as follows : " The plaintiffs' motion for an order directing the issues in the above-entitled action to be tried upon the pleadings by a jury having come on to be heard," and counsel for both the defendants having appeared in opposition to said motion, " and the said plaintiffs by  *  *  * their counsel consenting,  *  *  *  it is ordered that the plaintiffs' said motion be and the same is hereby denied."

Neither in the notice of motion nor in the order is there any provision limiting it to the first trial. It was a notice given and an order made in the action, and not having been appealed from it is conclusive upon the parties in the absence of any leave having been asked or given for a renewal of the motion. It was a motion made for a trial by a jury of the issues in the action, and was not, as suggested, a motion that a specific trial should be before a jury. Having been denied, the order denying it was a bar to moving subsequently for the same relief without first obtaining leave.

In *Oppenheim* v. *Lewis* (20 App. Div. 332) and cases which have followed that decision it was held by this court that " An order not appealed from, and unreversed, is conclusive against the right of the moving party to the same relief on a second motion."

We think this order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Ingraham, Hatch and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.