WILLIAM THOMPSON, Respondent, *v.* YELLOW TAXI CORPORATION, Appellant.

First Department, January 25, 1935.

*Edward J. Chapman* of counsel [*James A. Doherty*, attorney], for the appellant.

*Samuel M. Train*, for the respondent.

GLENNON, J. This is an appeal from an order which directed that the action be placed on the non-jury calendar for December 7, 1934. Suit was originally instituted in the City Court and damages were demanded in the sum of $3,000. Defendant answered, but did not demand a jury. The cause was placed upon the trial calendar of the City Court on November 2, 1933.

Nearly a year later, on October 11, 1934, pursuant to plaintiff's motion under the provisions of section 110-a of the Civil Practice Act, an order was entered removing the action to the Supreme Court and permitting plaintiff to amend his complaint so as to allege damages in the sum of $25,000. The amended complaint was served on October 23, 1934. Issue was not joined by the service of an answer to the amended pleading until November 10, 1934. However, on October 25, 1934, plaintiff made a motion for an order placing the action on the non-jury reserve calendar in the Supreme Court. Through inadvertence, defendant failed to oppose the motion and it was granted on default. Thereafter, on November nineteenth, at Trial Term, Part II, defendant moved to open the default and the motion was granted. The order of November third was vacated, but the court again directed that the action be placed on the non-jury calendar.

Defendant now desires a trial by jury based upon the fact that at the time it served the cross-notice of trial in the City Court action and waived a jury, the damages sought were considerably less than those demanded in the present complaint. We believe that defendant's claim is well founded.

It will be noted that subdivision 5 of section 426 of the Civil Practice Act was added by chapter 696 of the Laws of 1927, and amended by chapter 196 of the Laws of 1929. On the other hand, section 110-a, providing for the removal of an action from a court of limited jurisdiction to the Supreme Court, was enacted in 1932.

There is nothing in the latter section which prevents a party, who has waived his right to trial by jury in an inferior court, from asserting it after the action has been transferred to the Supreme Court. In enacting this measure the attention of the Legislature, apparently, was not directed to the subject now under discussion. Furthermore, it will be noted that section 426 of the Civil Practice Act refers specifically to actions pending in the Supreme Court.

For the reasons outlined, we are of the opinion that the cause was improperly placed upon the non-jury calendar. Defendant will, therefore, be given an opportunity to serve a written notice demanding a trial by jury within five days after the service of a copy of the order to be entered hereon, and within ten days thereafter may file a copy thereof with the county clerk and pay the necessary jury fee. If it complies with these directions the case may be placed upon the jury calendar in the position it would have occupied had it been noticed for the November term of 1933. Should the defendant fail to comply with the directions of this court within the time limited, the action may then be placed on the non-jury calendar.

We feel that the rights of both parties may be safeguarded by adopting the procedure which should be followed since the Civil Practice Act does not cover the subject.

The order appealed from should, therefore, be reversed, with twenty dollars costs and disbursements, and an order entered in accordance with the views expressed herein.

MERRELL and McAVOY. JJ., concur; O'MALLEY, J., concurs in result.

Order reversed, with twenty dollars costs and disbursements, and an order directed to be entered in accordance with the views expressed in the opinion. Settle order on notice.