In the Matter of the Estate of LEON M. SCHARF, Absentee.

Surrogate's Court, New York County, July 2, 1942.

*Louis E. Goldstein,* for temporary administrator, petitioner.

*Harold H. Goldberg,* for Joseph M. Scharf, respondent.

FOLEY, S.   An action commenced in the City Court of the City of New York has been transferred for trial in this court and consolidated with a pending proceeding for the judicial settlement of the account of the former temporary administratrix of the absentee. The plaintiff in that action filed a demand for a trial by jury.   The present temporary administrator now seeks an order striking out the plaintiff's demand for a jury trial on the ground that the action is in equity and that plaintiff is not entitled to a jury trial as a matter of right.   He also moves for a further bill of particulars.

(1) The application to strike out the plaintiff's demand for a jury trial is granted.

The suit in the City Court was commenced by Joseph M. Scharf, brother of the absentee, against Peerless Casualty Company.   The action is based upon a deposit of cash with the defendant as collateral security for the issuance of a bail bond on behalf of the absentee.   The Peerless Casualty Company issued the bail bond in the sum of $10,000.   As part of the consideration it demanded the deposit of $2,500 as collateral security.   The plaintiff alleges that pursuant to the demand of the defendant, he deposited with it the sum of $2,000, upon the express agreement that it would be returned to him upon the termination, release or remittance of the bond or upon the waiver thereof by the People of the State.   It is further alleged that the bond was declared forfeited but that thereafter an order was entered in the Supreme Court remitting the forfeiture and directing the return of the money deposited as collateral security.   The plaintiff contends that the sum of $2,000 is justly owed him by the defendant and he demanded judgment for that sum.

The temporary administratrix of the absentee gave notice to the Peerless Casualty Company that the estate claimed title to the sum deposited as collateral security.   The company thereupon moved in the City Court to interplead the estate as a party defendant, pursuant to the provisions of section 287 of the Civil Practice Act. That motion was granted on the consent of the plaintiff and it was ordered that the temporary administratrix be " joined as a co-defendant with said Peerless Casualty Company in this action." Thereafter, the action was transferred for trial in the Surrogate's Court, by an appropriate order.

The answer which the defendant Peerless Casualty Company has interposed, sets up three separate defenses.   In the first defense it sets forth that the sum of $2,500 was deposited by one David P. Siegel as security for the liabilities which it assumed on the bond.

One of the conditions of the agreement was that the indemnitors would hold defendant harmless from any loss, liability or claims and that the defendant could at the expense of the deposit protect itself from liability and apply so much of the deposit as was necessary to defray the costs, attorneys' fees or other charges of such proceedings. In connection with necessary proceedings it incurred expenses of $538, and will further incur expenses in this proceeding. As a second defense it sets forth the claim made by the estate to the deposit and the conflicting rights of Mr. Siegel who signed the deposit agreement, and alleges that it cannot safely make any payment until the rights of the various claimants are adjudicated. As a third defense it contends that the action is premature by reason of the fact that a bail bond in the sum of $500 is still in effect and that under the terms of the deposit agreement the return was to be made only upon satisfactory proof of the company's discharge from all liability under all such bonds.

The defendant, Peerless Casualty Company, makes no claim to ownership of the entire sum deposited with it as collateral security. It concedes that it is entitled to hold the collateral only in accordance with the terms of the deposit agreement. Its only claim is in the nature of a lien for attorneys' fees and legal expenses incurred in connection with the bail bond. Its further contention in respect of its outstanding liability on the $500 bond does not involve any question as to the ownership of the deposit but merely its right to hold a portion of it for a further period of time. The demands of the surety company are subordinate in character and should be capable of being expeditiously tried and determined.

The litigation thus resolves itself into a principal dispute between the plaintiff, Joseph Scharf on the one hand, and the estate of the absentee, on the other. Neither party seeks any relief from the other; both are attempting to enforce rights as against the fund which will be brought into court.

The action has thus become one in equity. Neither party has a right to a trial of the issues of fact before a jury in such a proceeding. (*Clark* v. *Mosher*, 107 N. Y. 118; *Levy* v. *Niklad*, 259 App. Div. 54; *Zies* v. *New York Life Ins. Co.*, 237 id. 367, 371; *Gleason* v. *Bush*, 166 id. 865; N. Y. City Ct. Rules, Rule II.) In *Clark* v. *Mosher* (*supra*) the plaintiff brought an action at law against an insurance company upon a policy issued by it. The company, admitting its liability, alleged that the defendant's intestate also claimed the amount of the policy. By a proceeding in the nature of a bill of interpleader, on payment of the fund into court, the plaintiff was required to substitute the defendant's intestate as defendant. The court pointed out that " the object

of this action was to determine the conflicting claims of the plaintiff and the defendant to the fund in court. Neither party had any right of action at law against the other, but by this equitable proceeding, authorized by the code, the Insurance Company, against whom both claimed a legal cause of action, was discharged, and they were brought together to litigate the question which of them had the better right to the fund in controversy. No right of trial by jury ever existed in such a case."

The situation in that case is similar to the one in the proceeding now pending. Here the holder of the fund does not assert any title to it but claims merely a lien or set-off against it. This interest will not defeat the right of interpleader. (Civ. Prac. Act, § 287; Chafee on Modernizing Interpleader, 30 Yale L. J., 814, 841.) However, we are not here concerned with the right to interplead the estate, for the order of the City Court, entered upon consent of the plaintiff, is conclusive upon that question.

The mere filing of a demand for a trial by jury does not confer any right to such trial. The character of the action determines whether such right exists. The right of any party to a trial by jury may be challenged at any time up to the opening of the trial by appropriate motion. Such a motion must, of course, be timely, and ought to be made, as it is here, in advance of the time set for trial. The provision in the order of the surrogate transferring the action, that any party may, pursuant to the rules of this court, demand of right, a jury trial if such demand be filed within the time specified therein, did not determine that any party was entitled as of right to a trial by jury. The order merely preserved to the parties any rights to which they might be entitled. (Surr. Ct. Act, § 40, subd. 9.) It limited the exercise of any such right by specifying the time within which it must be demanded. Moreover, even had the matter proceeded to trial and a jury been empaneled, the surrogate could have framed special questions of fact and treated the verdict as advisory only. (*Clark* v. *Mosher, supra.*)

The surrogate, therefore, holds that the plaintiff is not entitled to a jury trial as matter of right. In the exercise of his discretion, the surrogate likewise denies a jury trial. (Surr. Ct. Act, § 68.) Prior to the filing of the demand, this matter and all of the issues arising in the contested accounting proceeding were set for hearing before the surrogate on July 6, 1942, at 3 P. M. The trial of the issues raised by pleadings in the transferred action will be had at that time.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit order accordingly on one day's notice.