In the Matter of the Estate of BECKY POLLAK, Deceased.
ALICE S. PETLUCK et al., as Executors of BECKY POLLAK,
Deceased, Petitioners; MAX SMITH, Respondent.

Surrogate's Court, New York County, September 18, 1944.

*Joseph H. Robins* for petitioners.

*Joseph & Berkley* for respondent.

DELEHANTY, S. A respondent in a discovery proceeding in this court has challenged its jurisdiction because process was served upon him outside this State. He is plaintiff in an action to reduce to his ownership the fund represented by a savings bank account in a savings bank which is also a respondent in the discovery proceeding, which seeks adjudication of the title to the same bank account. The transfer to this court of the action now pending in the Supreme Court would normally be followed by a consolidation of the action with the discovery proceeding pending here. In the consolidated proceeding there would be no question of jurisdiction open and the consolidated proceeding would go to judgment on the merits.

There is no substance to a claim that the form of the action in the Supreme Court precludes a transfer to this court. (*Matter of Shea,* 262 App. Div. 739, leave to appeal to Court of Appeals denied 262 App. Div. 847.) In the cited case the nominal form of the action was for a declaratory judgment but the substance of the action was the determination of title to

tangible personalty. When the application for formal transfer by the Supreme Court was made that court held that the substance of the action was the only important question and the order of the Supreme Court for the transfer was made and was affirmed. (*Shea* v. *Shea,* 261 App. Div. 969, leave to appeal to Court of Appeals denied 261 App. Div. 1079.) The substance both of the action in the Supreme Court and of the discovery here is the issue of ownership of the savings bank book and the fund represented thereby.

The institution of an action in the Supreme Court is not a basis for denial of the transfer. On the contrary, it is now settled law in this department that the Supreme Court of its own motion will refuse jurisdiction so as to concentrate the administration of estates in the Surrogate's Court. (*Matter of Ranft,* 268 App. Div. 136.)

The consent sought is granted. Submit, on notice, order accordingly.