## In the Matter of the Estate of Becky Pollak, Deceased.

Surrogate's Court, New York County, November 10, 1944.

*Joseph H. Robins* for Alice S. Petluck and another, as executors, petitioners.

*Joseph & Berkley* for Max Smith, respondent.

*Cadwalader, Wickersham & Taft* for The Bowery Savings Bank, respondent.

*Edward M. O. Pratt,* attorney designated by Alien Property Custodian, for Esther Batelman, respondent.

*Cornelius B. Chapman* for Hebrew Home for the Aged of Harlem, Inc., respondent.

DELEHANTY, S. The estate representatives move to strike out a demand for a jury trial contained in an answer interposed in a discovery proceeding by Max Smith, one of the respondents.

Deceased died on March 10, 1944. Shortly after her death Max Smith as plaintiff instituted an action in the Supreme Court, New York County, against The Bowery Savings Bank for the purpose of reducing to his possession a sum of $7,516.43 with interest on deposit in the bank. In due course letters of temporary administration were issued by this court upon deceased's estate to Alice S. Petluck and Samuel Cohen. Later the will of deceased was proved and letters testamentary thereunder were issued to these same two individuals. The defendant bank in the action brought by Max Smith as plaintiff made a motion to bring in as parties defendant the temporary administrators. On that application the temporary administrators appeared and affirmatively asked leave to intervene in the action and leave to serve an answer to the complaint. The motion to interplead and that for leave to intervene were granted and the temporary administrators appeared and filed an answer in that character which, after setting up certain denials, alleged as a basis to the affirmative relief which they demanded certain facts to which the plaintiff interposed a reply. The Savings Bank also interposed a reply setting up the provisions of its own by-laws and asking the court to determine the rights and interests of the respective parties in the fund. It also asked that before being directed to make payment it should be furnished with an estate tax waiver and with the passbook or in lieu of the latter an indemnity bond. It further asked pursuant to the Banking Law that it be charged only with the interest regularly credited on like deposits and that no costs be awarded against it. Later the executors appeared and took in that character the same position which they had taken in their character as temporary administrators. The reply of the plaintiff to the answer interposed by the executors is dated July 12, 1944. This reply put the case at issue. In that state of the record the action was an equitable action of interpleader in which a jury was not demandable as of right. No demand for a jury trial was ever made in the Supreme Court either by the plaintiff, Max Smith, or by any other party.

On March 24th the temporary administrators initiated in this court a proceeding in discovery naming Max Smith, the plaintiff in the Supreme Court action, as respondent and also naming The Bowery Savings Bank as respondent. The discovery sought concerned two accounts in The Bowery Savings Bank originally numbered 1544554 and 1528588. The discovery also concerned accounts numbered 1725840 and 1725841 opened with the proceeds of the two accounts first listed. Hebrew Home for the Aged of Harlem, Inc., voluntarily appeared in the discovery proceeding and asserted by answer its status as assignee to the extent of $500 of the moneys on deposit in account numbered 1528588. An attorney for the Alien Property Custodian also interposed a notice of appearance in the proceeding in behalf of seven individuals resident within a designated enemy country, but served no pleading. The Bowery Savings Bank appeared and interposed an answer reciting certain facts in relation to the original accounts and the substitute accounts, setting up the facts so far as it knew them in relation to the claim of the Hebrew Home for the Aged of Harlem, Inc., and also setting up the pendency of the action in the Supreme Court in which Max Smith was plaintiff. Service of process in the discovery proceeding could not be made upon Max Smith in this State. He appeared specially however in the discovery proceeding and moved to dismiss it on the ground that jurisdiction over him had not been procured.

While that motion was pending an application was made to this court for its consent that the action pending in the Supreme Court be transferred to this court for trial. Such consent was given. Thereafter in due course application was made to the Supreme Court for transfer of the action to this court and the Supreme Court made its order in which it directs that the action be " transferred to the Surrogate's Court, New York County, for trial and determination by said court * * * ." In the course of the discussion at the bar on the motion in this court for consent to the transfer this court said that the reception of the case into this court (if transfer were made by the Supreme Court) would remove the need for consideration of the challenge to this court's jurisdiction in discovery (183 Misc. 671). This court stated also that it would follow the usual practice of consolidating the action, if transferred, with the discovery process. It stated, too, that if the respondent Max Smith desired to restate his legal position in any wise so as to amplify it he might file an answer in the discovery proceeding, though such answer would be unnecessary. Pursuant to that leave an answer was

interposed which states the legal position of the respondent Max Smith as it is stated in the Supreme Court action. To this answer the respondent Max Smith attached a demand for a jury trial. It is that demand to which the present motion is addressed.

The issues in the discovery proceeding are formulated by the petition, the answer of The Bowery Savings Bank, the answer of the Hebrew Home for the Aged of Harlem, Inc., and the answer of Max Smith. Just as in the Supreme Court, the proceeding here has become an equitable one of interpleader because what is to be adjudicated are the respective rights of the parties in a fund held by The Bowery Savings Bank but not claimed beneficially by it. The petitioners in discovery assert title to the whole; the Hebrew Home for the Aged of Harlem, Inc., asserts title to a part of one of the accounts; and respondent Max Smith asserts title to the whole.

The history of trial by jury in the Surrogate's Court is outlined in the cases cited in *Matter )f Leary* (175 Misc. 254, affd. 260 App. Div. 1000, affd. 285 N. Y. 693) and need not be restated here. The provisions of sections 67, 68 and 69 of the Surrogate's Court Act give no support to the demand for jury trial made by the respondent Max Smith. These sections preserve the right of jury trial where such a trial has not been waived and is suitably demanded in a proceeding where a right of trial by jury exists. The sections create no rule singular to the Surrogate's Court. They declare merely the law applicable to the trial by jury of civil causes generally and prescribe a time limit for the making of a demand.

The cases cited by the respondent Smith (*Thompson* v. *Yellow Taxi Corporation*, 243 App. Div. 282, and *Matter of Sensale* v. *Kashowitz*, 246 App. Div. 539) are not in point. Each of these cases dealt with a transfer of a cause from a lower court to the Supreme Court and applied the special rule of section 110-a of the Civil Practice Act effective in the case of such transfers. Here the transfer is made by the Supreme Court to a court of co-ordinate jurisdiction. The provisions of section 110-a of the Civil Practice Act are not applicable. On the contrary the general rule is applicable that a waiver once made continues through the life of the litigation (*Laventhall* v. *Firemen's Insurance Co.*, 266 App. Div. 756, and cases there cited). The action initiated in the Supreme Court became, as already stated, an action of interpleader. It is to be tried here as such an action, unchanged in character, even though consolidated with the discovery proceeding. The latter also is an equitable proceeding

in interpleader and a demand for a jury trial in that proceeding is wholly ineffectual. (See cases cited in *Matter of Scharf*, 178 Misc. 1012.)

Though the court in its order consenting to the transfer of the Supreme Court action directed a consolidation of it with the discovery process it nevertheless should be tried separately since it will dispose of all the claims of the plaintiff Max Smith to *both* of the funds. When his claims have been disposed of, the claim of the Hebrew Home for the Aged of Harlem, Inc., to part of *one* of the funds can be disposed of with the knowledge of the identity of its actual opponent. Though some of the testimony might be applicable to both the issues it is not only desirable but necessary to try the issues separately.

The decision of a jury in an equitable action or proceeding is advisory merely (*Levy* v. *Niklad*, 259 App. Div. 54) and the court in any case must make the eventual findings (*Carroll et al.* v. *Deimel et al.*, 95 N. Y. 252, 255). Here the court would deny a jury trial if request were made to it for the exercise of its discretion on the subject. It appears to the court to be more suitable that it should try the case and should make, in the first instance, all findings of fact and of law which are to be the basis to its decree.

The application to vacate the demand for a jury trial is in all respects granted. The court directs that the trial of the action transferred to this court by the Supreme Court shall proceed before the court without a jury on the 27th day of November, 1944, at 10:00 A.M. At the conclusion of that trial the parties will be heard on the fixation of a date for the trial of the remaining issues.

Submit, on notice, order vacating the jury demand heretofore filed.