James B. M. McNally, J.
In this action for personal injuries issue was joined in October of 1955. On an application for a Rule V preference, the Justice then presiding ruled that a preference under said rule was not warranted. Plaintiff now moves for an order reducing and transferring this cause to the City Court of the City of New York, County of New York, and direct *153 ing the clerk of said court to place this cause upon the general calendar of Trial Term for nonjury tort cases among the issues noticed for the November, 1955 Term. The defendant has no objection to the transfer of the within action from the Supreme Court to the City Court. He does, however, object to the placing of the action upon the nonjury tort calendar. The defendant waived a jury trial in the Supreme Court by failing to demand a trial by jury therein when this action was pending therein but he vigorously objects to a trial in the City Court without a jury.
Section 110-b of the Civil Practice Act as amended governs the situation. As amended by chapter 717 of the Laws of 1955 that statute now reads: 1 ‘ provided, however, that the consent of a defendant shall not be required in any action, otherwise transferable under this section, in which such defendant has interposed no counterclaim and in which such court to which the transfer is to be made would have had jurisdiction of the action and over such defendant if such action had originally been instituted in such court. ’ ’
The purpose of the amendment is to allow the transfer of actions brought in the Supreme Court without the required consent of defendants unless a counterclaim is involved. Since the plaintiff was free in the first instance to select his forum, he should in this case be permitted to transfer his action originally brought in this court to the City Court without the consent of the opposing party. No counterclaim is involved and the cause is one over which the City Court would have had jurisdiction but for the amount of damages sought, which is to be reduced to conform to the quantum jurisdiction of the City Court. The legislation was designed to encourage and facilitate appropriate transfers from higher courts to lower courts and thus ease calendar congestion in presently heavily burdened courts. All the requirements of the statute are met.
The defendant was served with a note of issue without a demand for a jury trial and waived a jury trial by failing to demand it as required by subdivision 5 of section 426 of the Civil Practice Act. Generally speaking, the waiver of a jury trial may not be retracted and is effective during the life of the litigation (Tracy v. Falvey, 102 App. Div. 585). Certainly it may not be retracted on the transfer of a case from a higher court to a lower court, no matter what the rule is in reverse (Thompson v. Yellow Taxi Corp., 243 App. Div. 282. See, also, Laventhall v. Fireman’s Ins. Co., 266 App. Div. 756; Matter of Pollak, 183 Misc. 910, 913). The motion is therefore granted. Settle order.