Saul S. Streit, J.
In this action for personal injuries, the cause was noticed for the January, 195.6 Term as a non jury cause. The cause was marked preference not warranted and was subsequently marked off the calendar for failure to file a readiness statement. The plaintiffs move for an order removing the cause to the City Court pursuant to section 110-b of the Civil Practice Act, and placing the same upon the Trial Term General Calendar of the City Court for jury tort cases. The defendant has no objection to the restoration and transfer of the within action to the City Court.
The defendant contends, however, that plaintiffs’ failure to demand a jury in this court constituted an unretractable waiver, and although plaintiffs may now proceed in the City Court the action must be tried as a nonjury cause.
The plaintiffs, on the other hand, argue that subdivision 4 of section 110-b, specifically provides for a jury trial upon removal, and that in any event subdivision 5 of section 426 of the Civil Practice Act permits the court in its discretion to excuse an initial failure to demand a jury. Subdivision 4 of section 110-b reads as follows: “In an action triable by a jury, unless a reference is directed or the parties waive the trial by a jury in the court to which the same has been ordered removed, the issues of fact in the action must be tried by a jury.” (Italics ours.)
This section is almost identical in language to the last sentence of subdivision 3 of section 110-a, which provides for removal from courts of limited jurisdiction. The only difference is that in section 110-b the word “ in ”, italicized above, *1062 appears as “by” in section 110-a. Before 1954 the word “ by ” appeared in both sections. It is obvious that the failure to correct 110-a was the result of legislative inadvertence.
The language of the two sections being in effect identical, it would seem that any judicial construction of one would logically apply to the other.
Yet the defendant argues that there is a clear distinction between the right to a trial by jury where there is a transfer to a higher court and where there is a transfer to a lower court, citing Montagna v. Doyle (3 Misc 2d 152). In the Montagna case the learned court held that, having waived a jury in the Supreme Court, a defendant in a section 110-b situation was precluded from demanding it upon an application for a transfer below, citing Tracy v. Falvey (102 App. Div. 585); Thompson v. Yellow Taxi Corp. (243 App. Div. 282); Laventhall v. Fireman’s Ins. Co. (266 App. Div. 756) and Matter of Pollak (183 Misc. 910).
I find nothing in the cited cases which in any way supports the distinction as contended by the defendant. The Tracy v. Falvey case (supra) is authority for the principle that a waiver may not be retracted and is effective during the life of the litigation. This case did not involve a transfer situation, and its effect has been eviscerated by subdivision 5 of section 426 of the Civil Practice Act.
The Thompson case (1st Dept.) (supra) is generally cited as authority for the power of the court under section 110-a to permit a jury trial in the Supreme Court where the same had not been demanded below. Although this case may well be cited for the proposition that the Supreme Court has the discretionary power to permit a jury trial of a nonjury cause transferred from the City Court, it will not support any judicial construction of subdivision 3 of section 110-a or subdivision 4 of section 110-b. The reason for this is that the Thompson case was decided in January, 1935, prior to the enactment of the last sentence in subdivision 3 of section 110-a, which became effective September 1, 1935 (L. 1935, ch. 317). Section 110-b was enacted in 1949 (L. 1949, ch. 319). In fact, the Appellate Division said (p. 284): “ the Civil Practice Act does not cover the subject.”
In the Laventhall case (supra) a plaintiff’s judgment rendered after a nonjury trial was reversed and a new trial granted. Thereafter plaintiff demanded a jury by motion, which was granted. The Appellate Division, Second Department, reversed on the authority of the Tracy v. Falvey case (supra).
*1063 In Matter of Pollak (supra) an action pending in the Supreme Court was consolidated with an action in the Surrogate’s Court. Plaintiff in the Supreme Court had not demanded a jury there, but upon transfer to the Surrogate’s Court such a demand was made. The motion to vacate the demand came on before Surrogate Delehaxty, who granted the motion on the authority of the Laventhall case. The learned Surrogate pointed out that section 110-a did not apply, for the reason that here the transfer was made to a court of co-ordinate jurisdiction. The thought is left, however, that if section 110-a did apply, the right to a jury would be absolute.
In Sensale v. Kashowitz (246 App. Div. 539) the Appellate Division of the Second Department in October, 1935, reversed that part of an order which denied the plaintiff the right to place the cause transferred from the Municipal Court to the Supreme Court on the jury calendar 61 on the authority of Thompson v. Yellow Taxi Corporation (243 App. Div. 282) and the amendment to section 110-a of the Civil Practice Act by chapter 317 of the Laws of 1935, in effect September 1, 1935.” (Italics supplied.) This is the only reported case which based its decision, if not solely, at least partly, upon the statutory language now under review in the case at bar.
The statutory language appears to me to be unambiguous and crystal-clear. The sections use the phrase, ‘1 an action triable by a jury ’ ’. This phrase can mean only one thing, and that is an action wherein a jury can be demanded as of right. It does not mean an action wherein a jury was demanded. “ Triable ” by dictionary definition means that which ‘ ‘ may be tried or tested; that may undergo a judicial examination or determination by a jury.” What actions are triable by a jury are found in section 425 of the Civil Practice Act, which section is entitled “ Issues of fact triable by a jury.”
If, then, actions triable by a jury “ must be tried by a jury ” under sections 110-a and 110-b, the courts upon granting relief under these sections do not possess any discretion to deprive any party of a jury trial once the action has been transferred, either up or down. And the only place this right can be waived is “in the court to which the same has been ordered removed ”. The fact that before the transfer a jury was not demanded does not make the action any less triable by jury. If it is an action, for example, in which the complaint demands judgment for a sum of money only it is an action “ triable by a jury ”, which merely means that a jury can be demanded. It does *1064 not lose its character as. an “ action triable by a jury ” merely because the demand was not made or was waived.
Where a jury has been demanded below, a transfer in a section 110-a situation will not disturb the jury status of the action. Research reveals no decisional law to the contrary. Therefore, unless the September 1, 1935 amendment to section 110-a meant to guarantee a jury trial above in an action where a jury was waived below, there would have been little necessity for its enactment. It is a well-established rule of statutory construction that intent “ is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and remedy in view ” (1 Kent’s Commentaries, 462; italics supplied).
The much cited and respected text, Carmody-Wait Cyclopedia of New York Practice, supports the view that the statute guarantees a jury trial on transferred causes. In section 161 of volume 1, at page 199, Carmody-Wait on New York Practice in referring to section 110-b has this to say: “ The right to a jury trial in the lower court of an action triable by jury is guaranteed in the type of removal under discussion by a provision identical with that described above in connection with removal from a court of limited jurisdiction.” (Italics supplied.)
The motion is granted in all respects. Settle order.